UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,  CRIMINAL NO. 18-CR-143 (SRN/DTS)

    Plaintiff,

v.  **ORDER**

JOSHUA LAMAR REED,

    Defendant.
_____

## INTRODUCTION

Defendant Joshua Lamar Reed moves for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Reed is charged with one count of being a Felon in Possession of a Firearm. He challenges the affidavit submitted by St. Paul Police Officer Thomas Diaz when Officer Diaz applied for the warrant authorizing him to take a DNA sample from Reed. Reed has met his "substantial preliminary showing" for a *Franks* hearing. 438 U.S., at 155-56.

## BACKGROUND

Law enforcement arrested Reed on a parole violation warrant on June 22, 2017. Gov't Ex. 3 (Incident Report). Based upon cell phone location data, officers established surveillance near 1895 Beaumont Street in Maplewood, Minnesota at approximately 7:30 p.m. *Id.* at 1-2. Shortly after, Reed and another person came out of 1895 Beaumont and got into an Oldsmobile parked in front of the house. *Id.* at 2. None of the observing officers noted Reed to be carrying a backpack. *Id.* at 2; Audio Recording: Pretrial Mot. Hr'g (Sept. 17, 2018). Reed got into the front passenger side of the car. *Id.* The car drove away, and officers followed. Gov't Ex. 3, at 2. One officer drove by and confirmed Reed was the passenger in the Oldsmobile. *Id.*

A marked St. Paul police vehicle activated its lights and sirens. *Id.* Instead of stopping, the Oldsmobile led police on a brief "slow speed" chase. *Id.*; Audio Recording: Pretrial Mot. Hr'g. Eventually, the car stopped at a dead end. Gov't Ex. 3, at 2. Reed ran from the Oldsmobile, but was caught by police and arrested. *Id.* Meanwhile, other officers arrested the driver of the Oldsmobile and found a backpack on the floor of the front passenger seat. *Id.* Inside the backpack, officers found a gun, marijuana, a jewelry store receipt, and several photographs. *Id.* at 3.

The next day, Officers Boerger and Diaz of the St. Paul Police Department interviewed Reed and took a cheek swab for his DNA. Audio Recording: Pretrial Mot. Hr'g. Officer Diaz had received a warrant for the DNA from a Ramsey County district judge earlier that day. Gov't Ex. 2 (Appl. for Search Warrant and Search Warrant). In the application for the warrant, Officer Diaz described Reed's arrest. He stated that officers began their surveillance "at approximately 2249hrs," and that "shortly thereafter" they saw Reed and another person get into the Oldsmobile. *Id.* (Appl. 1). He also stated that "[a]s officers instructed REED to step away from the vehicle, he quickly entered the passenger side door of the vehicle and the vehicle sped away from the scene . . . ." *Id.* (Appl. 2). He did not say that anyone saw Reed with the backpack. *Id.*

At the pretrial motion hearing, Reed's counsel cross-examined Officer Schwab, who had been a part of the task force that apprehended Reed and who had submitted a report. Officer Schwab confirmed that neither he nor anybody else involved in the arrest saw Reed carrying a backpack. Audio Recording: Pretrial Mot. Hr'g. Counsel also cross-examined Officer Boerger. Officer Boerger testified that, prior to interviewing Reed, he followed up on the receipt found in the backpack. *Id.* He reviewed the security footage

from the jewelry store and stated that the person who made the purchase on the receipt was not Reed. *Id.*

## DISCUSSION

Reed requests a hearing to support his *Franks* claim that Officer Diaz's affidavit for the DNA warrant "intentionally or recklessly omitted facts material to a finding of probable cause." Mot. to Suppress Evidence Obtained Through Franks Violation 1, Docket No. 32. "A search warrant may be invalid if the issuing judge's probable cause determination was based on an affidavit containing false or omitted statements made knowingly and intentionally or with reckless disregard for the truth." *United States v. Conant*, 799 F.3d 1195, 1199 (8th Cir. 2015) (quoting *United States v. Reinholz*, 245 F.3d 765, 774 (8th Cir. 2001)). To prevail on a *Franks* claim based on at least reckless disregard for omissions of fact, Reed must show: "(1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *Reinholz*, 245 F.3d, at 774.

To get a *Franks* hearing, Reed must make "a substantial preliminary showing" that the affiant at least recklessly disregarded the truth through a false statement or omission and that the false statement or omission "is necessary to the finding of probable cause." *Franks*, 438 U.S., at 155-56. This preliminary showing requires Reed to "offer specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir. 2015). "A *Franks* hearing must be denied unless the defendant makes a strong initial showing of deliberate falsehood or reckless disregard for the truth." *United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010). For omissions, recklessness "may be inferred . . . when the material omitted would have been

3

clearly critical to the finding of probable cause." *Conant*, 799 F.3d, at 1200 (quoting *United States v. Glover*, 755 F.3d 811, 816 (7th Cir. 2014)).

The Court concludes that Reed has met his burden to make a substantial preliminary showing. As Reed notes in his motion, issuance of the DNA warrant required probable cause linking him to the gun found in the backpack. "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person." *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). The warrant affidavit links Reed to the gun by emphasizing Reed's seat in the vehicle before he fled and where the backpack was found. But it omits other facts that would have been critical to a probable cause finding because they suggest a disconnect between Reed and the backpack. Through cross-examination, Reed's counsel highlighted that officers never saw Reed with the backpack, and that the backpack contained a receipt that connected the backpack to another person. These facts, if included, undermine what little probable cause there already was to connect Reed to the backpack, which was in another person's car, in which Reed was a passenger. The omission of these facts allowed a judicial officer to draw inferences about Reed's control of the backpack that may well not be drawn if included.

Because this is a case of omitted, rather than false affirmative statements, and goes to the heart of probable cause, the Court infers the officer-affiant's reckless disregard for the truth.[1] *Conant*, 799 F.3d, at 1200. Disposition of Reed's motion requires further inquiry and a hearing shall be held.

---

[1] Though not pertinent to probable cause, the Court's conclusion of Officer Diaz's reckless disregard for the truth is reinforced by his affirmative portrayal of the arrest. A review of the incident report that Officer Diaz relied upon does not allow him to

**ORDER**

The Court, being duly advised in the premises, upon all the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Defendant's Motion to Suppress Evidence Obtained Through *Franks* Violation [Docket No. 32] is GRANTED to the extent that it requests a *Franks* hearing. Defendant's request to suppress any evidence derived from a *Franks* violation will be addressed in a subsequent Report and Recommendation.

2. The parties shall coordinate with Chambers to schedule the hearing.

3. Defendant's Motion to Suppress Evidence Obtained Through *Franks* Violation [Docket No. 32] will not be deemed under advisement until the conclusion of the hearing and any additional briefing is submitted.

4. The Government shall submit to the Court a copy of any warrant application and search warrant relating to a DNA buccal swab taken from Remi Jones, the driver of the Oldsmobile.

Dated: December 7, 2018

                                          s/ David T. Schultz
                                          DAVID T. SCHULTZ
                                          United States Magistrate Judge

---

represent that Reed ignored direct commands to step away from the car or that the car "sped away." *Compare* Gov't Ex. 2, at 2, *with* Gov't Ex. 3, at 2.