UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Joshua Lamar Reed,<br><br>Defendant. | Case No. 18-cr-00143 (SRN/DTS)<br><br><br><br>**ORDER** |

Andrew S. Dunne and Craig R. Baune, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Sarah Weinman, Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant-Petitener Joshua Lamar Reed's motion [Doc. No. 118] under 28 U.S.C. § 2255 to vacate his sentence. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** Mr. Reed's motion.

**I.   BACKGROUND**

Mr. Reed pleaded guilty in May 2019 to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (Plea Hr'g Tr. [Doc. No. 127].) Subsequently, the Supreme Court, in *Rehaif v. United States*, held that the Government must also prove, beyond a reasonable doubt, that a defendant charged with violating § 922(g)(1) knew, at the time he possessed the firearm, that he was a felon prohibited from possessing firearms. 139 S. Ct.

1

2191, 2195 (2019). Mr. Reed argues that neither the Government nor the Court established at his plea hearing that he had such requisite knowledge and accordingly violated Federal Rule of Criminal Procedure 11(b)(1), rendering his guilty plea constitutionally defective.

## II.  DISCUSSION

Even if Mr. Reed's guilty plea were constitutionally defective, his claim under § 2255 is procedurally defaulted. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). A claim not raised on direct appeal is procedurally defaulted. *Id.* Mr. Reed filed no direct appeal, and his claim of a *Rehaif* error is therefore procedurally defaulted.

Procedural default may be excused, however, when the defendant demonstrates either (1) cause excusing his procedural default and actual prejudice, or (2) that he is actually innocent.[1] *Id.* at 622. Even if Mr. Reed could establish cause for not challenging the validity of his plea on direct appeal, Mr. Reed cannot establish actual prejudice or that he is actually innocent. To establish actual prejudice, Mr. Reed must show that the *Rehaif* error "worked to his *actual* and substantial disadvantage," and "but for the constitutional violations—that he . . . did not understand the elements of the crime he pleaded guilty to—

---

[1] The Court notes that, in his initial memorandum, Mr. Reed discussed his failure to raise the *Rehaif* error on direct appeal under the rubric of plain error review. Plain error review applies when a defendant directly appeals his sentence based on an issue not raised before the trial court. *See United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) (applying plain error review, on direct appeal, to an asserted *Rehaif* error not raised before the trial court). Here, Mr. Reed did not directly appeal his sentence, and hence the appropriate rubric for analyzing his claim is that of procedural default.

he might not have been convicted of the same crimes." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (first quoting *United States v. Frady*, 456 U.S. 152, 170 (1982); then quoting *Easter v. Endell*, 37 F.3d 1343, 1347 (8th Cir. 1994)). Alternatively, to establish actual innocence, Mr. Reed must demonstrate "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)) (internal quotation marks omitted).

Mr. Reed cannot show actual prejudice or actual innocence. This Court has previously held that a defendant cannot establish actual prejudice or actual innocence if the defendant admitted to knowing, at the time he possessed the firearm, that he was prohibited from possessing the firearm due to previous felony convictions. *See United States v. Fleming*, No. 18-cr-0101(1) (PJS/SER), 2020 WL 5407911 (D. Minn. Sept. 9, 2020) (Schiltz, J.); *United States v. Soll*, No. 18-cr-171 (DSD/KMM), 2020 WL 1082493 (D. Minn. Mar. 6, 2020) (Doty, J.). Like the petitioners in *Fleming* and *Soll*, Mr. Reed admitted to knowing, at the time he possessed the firearm, that such possession was prohibited due to his previous felony convictions. During the plea hearing, the prosecutor and Mr. Reed engaged in the following colloquy:

> MR. DUNNE: All right. Now, everything would be fine with you possessing that handgun except for the fact that you have prior felony convictions and they are listed and Judge Nelson went over them. There's that aiding and abetting an aggravated robbery, there's a second degree assault, and there's fleeing police in a motor vehicle that happened in Ramsey County between 2011 and 2016. Do you agree that you had those felony convictions on June 22nd, 2017?
>
> THE DEFENDANT: Yes.

>   MR. DUNNE: And because of those felony convictions, you knew that you were prohibited from possessing a handgun?
>
>   THE DEFENDANT: Yes.
>
>   MR. DUNNE: You knew it was against the law?
>
>   THE DEFENDANT: Yes.

(Plea Hr'g Tr. 19-20.)

Mr. Reed argues that the foregoing exchange is ambiguous, and does not clearly establish that Mr. Reed knew he was prohibited from possessing a handgun *at the time he possessed it*. But the prosecutor's questions—"Do you agree that you had those felony convictions on June 22nd, 2017?" and "And because of those felony convictions, you knew that you were prohibited from possessing a handgun?"—along with Mr. Reed's affirmative responses, read in context, show that Mr. Reed admitted to knowing, on June 22nd, 2017, that he was prohibited from possessing a handgun. The prosecutor's use of the specific date in question, coupled with the past tense "knew," indicates that the prosecutor was asking about Mr. Reed's knowledge as of June 22nd, 2017. The colloquy cannot be read otherwise. There is simply no other relevant point in time—certainly, the prosecutor was not asking whether Mr. Reed knew he was prohibited from possessing a handgun weeks, months, or years after he possessed it.

Finally, the Court notes that Mr. Reed does not argue that he *did not know* he was prohibited from possessing a handgun—only that the colloquy does not establish his knowledge. Nor could he, given that he knew he had previously been convicted on felony charges three times. *See United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020) (holding that the defendant could not establish "a reasonable probability that he would not

4

have pleaded guilty had he known of *Rehaif*," where the defendant's criminal history included multiple sentences exceeding one year of imprisonment). Accordingly, the Court finds that Mr. Reed cannot establish actual prejudice or actual innocence.

Mr. Reed also argues that he need not establish cause and actual prejudice, or actual innocence, because the *Rehaif* error constituted structural error. Mr. Reed relies on *United States v. Gary*, where the Fourth Circuit held that a district court's failure to inform the defendant of *Rehaif's* element constituted structural error, which automatically satisfied the "affects substantial rights" prong of plain error review. 954 F.3d 194, 205 (4th Cir. 2020). But the Eighth Circuit has held otherwise. In *United States v. Coleman*, the court held that a *Rehaif* error is not structural, and therefore a defendant, on direct appeal, must establish the "affects substantial rights" prong of plain error review. 961 F.3d 1024, 1030 (8th Cir. 2020).

Mr. Reed attempts to distinguish *Coleman*, pointing out that the defendant in *Coleman* asserted only that his "guilty plea violates due process," whereas Mr. Reed specifically invokes the Fifth and Sixth Amendments. (Def.'s Reply Mem. [Doc. No. 130], at 13.) Although the *Gary* court closely analyzed the structural error question in light of each of the constitutional theories raised by the defendant, the *Coleman* court's holding did not rely on the specific theory advanced. Rather, the *Coleman* court observed that "[n]either the Supreme Court nor this court has ever identified a constitutionally invalid guilty plea as structural error." *Coleman*, 961 F.3d at 1029. Further, the court reasoned that structural errors warrant automatic reversal because they "defy analysis by normal harmless-error standards." *Id.* Because "[t]he [*Rehaif*] error at issue here, by contrast, does not defy

5

harmless-error standards," the court held that a *Rehaif* error is not structural. *Id.* The court also noted that the Fifth, Sixth, and Tenth Circuits have also held that a constitutionally invalid plea is not structural error. *Id.* at 1029 n.3 (citing *United States v. Hicks*, 958 F.3d 399 (5th Cir. 2020); *Ruelas v. Wolfenbarger*, 580 F.3d 403 (6th Cir. 2009); *United States v. Trujillo*, 960 F.3d 1196 (10th Cir. 2020)).

The upshot is that the Eighth Circuit, in *Coleman*, held, consistent with the Fifth, Sixth, and Tenth Circuits, that a guilty plea rendered constitutionally invalid due to a *Rehaif* error is not structural error. That proposition does not depend on the particular constitutional theories advanced to demonstrate the plea's invalidity. Accordingly, the Court finds that even if Mr. Reed's plea were constitutionally invalid, the invalidity is not structural error.

Because Mr. Reed's claim is procedurally defaulted, and he cannot establish actual prejudice or actual innocence, and the claimed error is not structural, the Court denies Mr. Reed's motion. Further, the Court finds that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," and therefore no evidentiary hearing is necessary. 28 U.S.C. § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206–07 (8th Cir. 2013).

Finally, the Court finds that no certificate of appealability is warranted. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But if the constitutional claim "is clearly procedurally defaulted, the certificate should not be issued." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S.

473, 484–85 (2000)). The Court finds that Mr. Reed's claim is clearly procedurally defaulted, and therefore will not issue a certificate of appealability.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Reed's Motion to Vacate Judgment Under 28 U.S.C. § 2255 [Doc. No. 118] is **DENIED**; and

2. No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 16, 2020                         s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge